UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AUBREY WILD** § | | CIVIL ACTION NO. _____ |
| § | | |
| **v.** § | | |
| § | | |
| **FIELDWOOD ENERGY LLC, ABC** § | | JUDGE _____ |
| **INSURANCE COMPANY, ACADIAN** § | | |
| **CONTRACTORS, INC., XYZ** § | | |
| **INSURANCE COMPANY, and** § | | |
| **HAROLD LIRETTE** § | | MAGISTRATE JUDGE _____ |

## FIELDWOOD ENERGY LLC'S NOTICE OF REMOVAL

Defendant, Fieldwood Energy LLC ("Fieldwood"), files its Notice of Removal of this civil action to the United States District Court for the Middle District of Louisiana, and respectfully would show as follows:

## PENDING STATE SUIT

1.

On August 28, 2020, Plaintiff, Aubrey Wild ("Plaintiff"), filed a civil action naming Fieldwood, Acadian Contractors ("Acadian"), Harold Lirette and two fictitious insurance companies as the defendants in No. C-698920, *Aubrey Wild v. Fieldwood Energy LLC, ABC Insurance Company, Acadian Contractors, Inc., XYZ Insurance Company and Harold Lirette*, in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. In his Petition for Damages ("Petition"), Plaintiff alleged causes of action sounding in negligence against defendants, Fieldwood, Acadian and Mr. Lirette, for an illness he purportedly received while he was located on an unidentified platform owned by Fieldwood on or about November 8, 2019.

2.

Fieldwood is an owner and the operator of a fixed oil and gas production Platform A, located in Block 308, South Timbalier Area, on the Outer Continental Shelf, off the Coast of

Louisiana (hereafter "ST-308A"), to which platform Mr. Wild was assigned.

3.

A substantial amount of Mr. Wild's work was, and was to be, performed on Fieldwood's ST-308A platform, including the provision of emergency and general health care services to Fieldwood employees and its contractor personnel on the ST-308A platform, the provision of safety orientations to visitors and personnel, the inspection and reporting on conditions in the galley on a periodic basis, assistance with emergency drills, and clerical work, including tracking equipment that arrived and departed ST-308A, daily cost tracking, scanning paperwork and documents into the filing system, helicopter logistics, and the preparation and filing of person on board lists, all of which assisted Fieldwood in the production, development and transportation of oil and natural gas from ST-308A.

4.

The name and address of the court from which the case is being removed is:

> 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana
> 300 North Boulevard
> Baton Rouge, LA 70802

5.

The following documents are indexed and attached to this Notice of Removal:

Exhibit "A" – certified copies of the following state court pleadings and process:

    A-1 – Plaintiff's Petition for Damages

    A-2 – Return of Service on Fieldwood

    A-3 – Return of Service on Acadian

    A-4 – Return of Service on Mr. Lirette

Exhibit "B" – list of all counsel of record including address, telephone and fax number,

and the parties they represent, respectively.

Exhibit "C" – Consents to Removal of the other named defendants

C-1 – Acadian Contractors, Inc.'s Consent to Removal

C-2 – Harold Lirette's Consent to Removal

6.

Presently, there has been no action taken by the state court in its proceeding.

## TIMING OF REMOVAL

7.

Fieldwood was served with the Petition and Citation on September 10, 2020 through service on Fieldwood's agent for service of process. Acadian was served with the Petition and Citation on September 8, 2020 through service on Acadian's agent for service of process. Mr. Lirette was served with the Petition and Citation on September 10, 2020. Thus, this Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1) because this Notice of Removal was filed within 30 days of service of the Petition upon Fieldwood. Service of the Petition and Citation was Fieldwood's first notice of the action.

## REMOVAL JURISIDICTION

8.

This case is removable to this Court pursuant to 28 U.S.C. § 1441(a) as being a civil action brought in state court, but over which this federal district court has original jurisdiction.

9.

Pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), this Court has original jurisdiction over "cases and controversies arising out of, or in connection with … any operation conducted on the outer Continental Shelf which involves exploration, development, or

production of the minerals, of the subsoil and seabed of the outer Continental Shelf…" 43 U.S.C. § 1349(b)(1). The United States Fifth Circuit broadly interprets this jurisdictional grant under OCSLA. *See, e.g., In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014), *cert. denied*, 135 S.Ct. 401 (2014).

10.

The Fifth Circuit applies "a but-for test" for determining the existence of OCSLA jurisdiction, asking "whether: (1) the activities that caused the injury constituted an 'operation' 'conducted on the Outer Continental Shelf that involved the exploration and production of minerals', and (2) the case 'arises out of, or in connection with' the operation." *Id*. at 163. Both of these requirements for jurisdiction under OCSLA are satisfied here.

11.

First, Plaintiff's employment as a medic furthered Fieldwood's mineral production and development on the OCS. Plaintiff alleges that he became ill as the result of the water supply of Fieldwood's platform. Petition, paras. 3, 5 & 6. Fieldwood's operations at ST-308A were and are conducted on the OCS in connection with the extraction of mineral resources from beneath the seabed. Thus, Plaintiff's work and anticipated work at ST-308A furthered mineral production and development by Fieldwood on the OCS. *See Hufnagel v. Omega Serv. Indus., Inc.,* 182 F.3d 340, 350 (5th Cir.1999).

12.

Second, Plaintiff's alleged illness would not have occurred but for Fieldwood's operations at ST-308A and the need for Plaintiff to conduct medical and health care services to personnel employed by Fieldwood and its contractors located at ST-308A, as well as the other duties discussed in paragraph 3, *supra*, in furtherance of those operations. Indeed, if Plaintiff had

not been assigned to work on Fieldwood's ST-308A, then he would never have been required to bathe in or drink the water from that platform where he allegedly contracted his illness.

13.

For the reasons given above, OCSLA jurisdiction exists over this case based on the two-part test applied in the Fifth Circuit, and the case is properly removable on that basis.

**VENUE**

14.

Under 28 U.S.C. § 1441(a), venue for a removed action is proper in this Court as the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, where the state action is pending, is located within this federal judicial district.

**CONSENT TO REMOVAL**

15.

In accordance with 28 U.S.C. § 1446(b)(2), Acadian and Mr. Lirette consent to Fieldwood's removal of this suit. Please see Exhs. C-1 & C-2.

**ANSWER**

16.

No answer was filed by Fieldwood, Acadian or Mr. Lirette in the state court proceeding. Fieldwood will file responsive pleadings to the Petition within five (5) days of removal.

**NOTICE TO ADVERSE PARTIES AND TO STATE COURT**

17.

As the removing party, Fieldwood will give Plaintiff prompt written notice of this Notice of Removal as required by 28 U.S.C. § 1446(d).

18.

Fieldwood also will file a copy of this Notice of Removal with the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, where the state court action is currently pending, as required by 28 U.S.C. § 1446(d), and will serve these pleadings on Plaintiff's counsel.

**WHEREFORE**, Fieldwood Energy LLC respectfully requests that this Notice of Removal be accepted as good and sufficient and that the above-described action be removed from the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana to the United States District Court for the Middle District of Louisiana for trial and determination as provided by law; that this Court enter such orders and issue such process as may be necessary and proper to bring before it copies of all records and proceedings presently pending in the aforesaid state court suit, and thereupon proceed with this civil action as if originally commenced in this Court; and that this Court enter all necessary and appropriate orders and decrees in accordance with applicable law.

Respectfully submitted,

New Orleans, Louisiana
October 1, 2020

/s/ James D. Bercaw
JAMES D. BERCAW (#20492)
KING & JURGENS, L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-1272
Facsimile: (504) 582-1233
jbercaw@kingjurgens.com

*Attorneys for defendant,*
*Fieldwood Energy LLC*